### In re ERNEST MARTIN & CO.

(District Court, S. D. New York. September 19, 1908.)

ATTORNEY AND CLIENT (§ 117*)—COLLECTIONS—DUTY OF ATTORNEY.
 Where an attorney at law collects a sum of money on a claim placed in his hands before he is engaged for a bankrupt estate, he is required, in the absence of fraud, to pay it to the client for whom he made the collection, notwithstanding he receives it during the time he is employed for the estate.
 [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 117.*]

(Syllabus by the Judge.)

Marcus Helfand, for the motion.
Robert L. Turk, opposed.

ADAMS, District Judge. Ernest Martin & Company, the bankrupts herein, on the 25th of October, 1904, made their note for the sum of $500, payable to the order of Moses Blumenau at the Consolidated National Bank of New York, with interest. This note became due in October, 1905, and then amounted with interest, to $530. Some time in May, 1905, one Joseph Paris, into whose possession the note had come in a negotiable form, called at the law office of Mr. Robert L. Turk and left the note with him for collection. In the early part of the succeeding October, Mr. Turk placed it in his bank, the said note mentioned above, for collection. Thereafter and on or about the 24th of October, 1905, and before the note become due, Martin & Company consulted Mr. Turk with reference to their financial affairs and he advised bankruptcy proceedings. The petition and schedules were filed by him as their attorney during the afternoon of the 25th of October, 1905. On the morning of that day, the note in question was paid to the said bank. On the 26th of October, 1905,

Mr. Turk received a notice from the bank that the note had been collected and almost simultaneously with the receipt of the notice, Paris called on Mr. Turk and demanded his money, which was handed over to him, less $30, which Mr. Turk retained as his fee, pursuant to agreement. Upon this state of facts, the special commissioner ordered Mr. Turk to pay to the trustee the sum of $530 received by him, and the question now presented is whether such order should be confirmed.

The theory of the special commissioner is that Mr. Turk being aware of the bankrupts' financial condition when he made the payment, it should therefore be regarded as a nullity, and he should be required to pay the money involved into the estate.

The theory of Mr. Turk is that he merely acted as agent in the matter and if there is to be any recovery of the money, recourse to Mr. Paris, the principal, should be had.

I think the contention of Mr. Turk should be sustained. No doubt the knowledge which an agent obtains is, under ordinary circumstances, often imputable to his principal, but a somewhat different rule applies where the relations of attorney and client are involved and there is no question of fraud. In the latter case, it is the duty of an attorney to turn a collection, made in the ordinary course of business, over to his client and not to a third person.

This matter has not been litigated upon any theory of fraud, in which event, a fraud being established, a more stringent rule against the attorney should be applied. Mayer v. Hermann, 16 Fed. Cas. 1241. Here an order for the payment of money was made against an attorney who collected the sum in pursuance of business committed to him long before the bankruptcy and who paid it in due course to his client. It seems to me that compelling the attorney to pay the amount again is not justified and the referee's order to that effect should not be sustained. It is proper that the fee should follow the collection.

Motion to confirm denied.